FILED
Aug 12, 2025
01:47 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | |
|---|---|
| **PATRICIA EVANS,** | ) **Docket No. 2025-60-2109** |
| **Employee,** | ) |
| **v.** | ) **State File No. 90422-2024** |
| | ) |
| **KROGER COMPANY,** | ) **Judge Joshua D. Baker** |
| **Employer,** | ) |

---

## EXPEDITED HEARING ORDER

---

Ms. Evans requested medical benefits for a left-knee injury. Kroger denied her entitlement to benefits because her authorized treating physician did not relate the injury to her workplace accident. The Court agrees and denies her claim for medical benefits at this time.

### Claim History

Ms. Evans alleged she injured her left knee "turning and twisting" while walking through the self-checkout area at work. She first treated at a walk-in clinic, and after an orthopedic referral, chose Dr. William Kurtz from a panel.

Dr. Kurtz evaluated Ms. Evans and reviewed imaging of her left knee that showed bone-on-bone arthritis. He diagnosed "left knee osteoarthritis" and a "left knee Baker's cyst." Dr. Kurtz recommended physical therapy and observed that "the patient has bone-on-bone arthritis and may require knee replacement surgery in the future."

Dr. Kurtz answered a questionnaire from the adjuster, marking that Ms. Evans's diagnoses and need for medical treatment are not work-related. He explained, "She has near bone on bone knee arthritis which is 10-20 years in the making. Patients don't develop bone on bone arthritis from walking across a self checkout area." Dr. Kurtz also thought "[t]he Baker cyst would be related to her knee arthritis [sic] which is not related to her 12/19/24 injury." He stated any further need for treatment is "related to her preexisting arthritis" rather than employment. Kroger denied the claim based on Dr. Kurtz's negative causation opinion.

1

For her part, Ms. Evans provided medical records including an MRI report showing a meniscal tear in the anterior and posterior of the same knee. That medical record said she had no Baker's cyst.

### Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Ms. Evans must prove she is likely to prevail at a final hearing. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, an employee must show "to a reasonable degree of medical certainty that [the work accident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Further, the panel physician's opinion is presumed correct on causation but is rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(12)(A)-(E).

Dr. Kurtz, a panel-selected physician, wrote that Ms. Evans's condition is preexisting and unrelated to the work incident.[1] His unequivocal opinion is presumed correct, and Ms. Evans did not offer a contrary opinion. Therefore, Ms. Evans is unlikely to prevail in proving a work-related injury caused her osteoarthritis and need for medical treatment at a final hearing.

It is **ORDERED** as follows:

1. The Court denies Ms. Evans's request for benefits.

2. The Court sets a **status hearing for Monday, October 27, 2025, at 11:30 a.m. Central Time**. The parties must call (615) 741-2113 to participate. Failure to call might result in a determination of the issues without the party's participation.

          **ENTERED August 12, 2025.**

_____
**JOSHUA D. BAKER, JUDGE**
**Court of Workers' Compensation Claims**

---

[1] The causation letter asked whether Ms. Evans's need for treatment is more than "51%" related to her workplace accident. This standard differs from the causation standard for Tennessee Workers' Compensation Law, which requires that the injury be more than 50% the cause of the need for treatment considering all causes. Tenn. Code Ann. § 50-6-102(12). Considering the certainty in his diagnostic language, however, this misstatement of the causation standard does not alter the Court's ruling.

2

## APPENDIX

Exhibits:

1. Rule 72 declaration of Ms. Evans
2. Medical records
3. Rule 72 declaration of Alyssa Schreiner, including attached exhibits
4. Rule 72 declaration of Kristy Lykins, including attached exhibits

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on August 12, 2025.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Patricia Evans, Employee | | X | peegevans13@gmail.com |
| Jenna Macnair, Employer's Attorney | | X | jmacnair@manierherod.com sknack@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

3



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*